United States District Court
Southern District of Texas
**ENTERED**
February 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNA SANCHEZ-SANCHEZ, | § § § | CIVIL ACTION NUMBER 4:26-cv-00144 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| PAM BONDI, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Reyna Sanchez-Sanchez is a citizen of Mexico who entered the United States without inspection in 2001. Dkt 1 at ¶¶14, 22. She was taken into custody by Immigration and Customs Enforcement at her home in Giddings, Texas, on September 5, 2025. Id at ¶¶15, 21. She remains in custody at the Montgomery Processing Center in Conroe, Texas. Id at ¶2. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges her detention under (i) the Due Process Clause of the Fifth Amendment, (ii) the INA and her alleged membership in the class purportedly certified in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), (iii) the APA, and (iv) the Suspension Clause. See id at ¶¶69–88, 92–98. She further requests stay of removal and injunctive relief. See id at ¶¶89–91, 99–101.

The Government filed a motion for summary judgment in response. Dkt 5. It contends that Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A),

which provides for mandatory detention during removal proceedings. Id at 3.

*As to the INA claim and request for relief pursuant to Bautista v Santacruz,* this action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex). See Dkt 4 at 1. The construction given to 8 USC §§1225 and 1226 in that case controls here and forecloses Petitioner's INA claim. The undersigned has also determined that the order in *Bautista*, purporting to certify a nationwide class, far exceeded the jurisdiction of the Central District of California. The reasoning of Judge James Wesley Hendrix in *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex), is adopted here in that regard. The *Bautista* order also remains on appeal in the Ninth Circuit and is, at least in that sense, not entitled to preclusive effect here. Notably, the issue of construction as between §§1225 and 1226 is also presently on appeal before the Fifth Circuit, as discussed below. Nothing suggests that it will believe itself somehow bound by the determination of a district court in California. In short, nothing about the *Bautista* order binds this Court or requires adoption of Petitioner's reading of the INA.

Such construction also forecloses her request for injunctive relief, because she hasn't demonstrated a substantial likelihood of success on the merits. Dkt 1 at ¶¶99–101.

*As to the due process claim,* the Supreme Court has stated, "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526. Petitioner's detention thus doesn't violate due process.

*As to the APA claim,* the Government argues such claim is foreclosed by 5 USC §704, given that Petitioner already has an adequate remedy through *habeas* relief. See

2

Dkt 5 at 5–6, citing *Trump v JGG*, 604 US 670, 672 (2025). In any event, the APA claim relies on the same interpretation of 8 USC §§1225 and 1226 rejected by the undersigned as stated above. See Dkt 1 at ¶¶84–88. It thus fails on the merits.

*As to the stay of removal claim,* the statutory construction above also forecloses this claim, as it relies on assertion of the Government's lack of authority to detain her under §1225. See id at ¶¶89–91.

*As to the Suspension Clause claim,* it needn't be reached because the jurisdiction-stripping provision of 8 USC §1252 was not applied. See id at ¶¶92–98.

As such, the motion for summary judgment will be granted and the petition for writ of *habeas corpus* will be denied. Dkts 1 (petition) & 5 (motion).

It must be noted that the pleaded circumstances in this action are no doubt sympathetic. Petitioner has no criminal history. Dkt 1 at ¶4. Petitioner is married and has four children who are US citizens. Id at ¶3. Her 19-year-old son suffers from various mental health conditions, requiring extensive antipsychotic medication. Ibid. He currently lives in a group home and "requires [Petitioner and her husband] to be present as they are essential to his care team." Ibid. Because both Petitioner and her husband are in custody, her eldest 21-year-old daughter is currently caring for the two minor children. Ibid.

Nothing prevents the Administration from taking up discretionary review of such circumstances of its own accord. For purposes of review on *habeas corpus*, however, §1225(b)(2)(A) by its terms applies to Petitioner and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court.

\* \* \*

Respectful acknowledgement is given to the six other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case and determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 2025 WL 3684697 (SD Tex) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 2025 WL 3684693 (SD Tex) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Espinoza Andres v Noem*, 2025 WL 3458893 (SD Tex) (Hittner, J). One other judge in the Houston Division has determined in favor of §1225. See *Villeda Cabriales v Noem*, 4:25-cv-04908 (SD Tex, Jan 22, 2026) (Lake, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that the Fifth Circuit has granted a motion to consider this issue on an expedited basis. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J), Dkt 80-2 at 2; see also *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division), Dkt 83-2 at 2.

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner may freely seek leave to file a motion for reconsideration on an expedited basis, if desired. Or she may initiate a separate petition.

\* \* \*

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Reyna Sanchez-Sanchez is DENIED. Dkt 1.

This action is DISMISSED.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on ____January 30, 2026____, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge